RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
RYAN ALEXANDER, CHTD.
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102
Phone: (702) 868-3311
Fax: (702) 822-1133
ryan@ryanalexander.us

Andrew Rozynski, Esq.
EISENBERG & BAUM, LLP
24 Union Square East, PH
New York, NY 10003
212-353-8700 (tel.)
917-591-2875 (fax)
arozynski@eandblaw.com
*Pro Hac Vice*
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| XINNING HOU, an Individual; <br><br> Plaintiff, <br><br> v. <br><br> SUMMERLIN HOSPITAL MEDICAL CENTER LLC, <br><br> Defendant. | **Case No.: 2:23-cv-715-JCM-VCF** <br><br> **JOINT DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **SUBMITTED IN COMPLIANCE WITH LR 26-1(B)** |

Plaintiff ("Plaintiff") and Defendant Summerlin Hospital Medical Center LLC ("Defendant"), by and through their respective counsel, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure and in compliance with Local Rule 26-1(b) of the United States District Court for the District of Nevada, hereby submit their proposed Joint Discovery Plan and Scheduling Order.

I. **EARLY CASE CONFERENCE AND INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)**

(1) **Early Case Conference.** Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(a), on Monday, September 11, 2023, counsel for Plaintiff, Andrew Rozynski of EISENBERG & BAUM, LLP, and counsel for Defendant, Amber Roller of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., conducted an early-case-conference meeting to discuss the relevant issues for discovery, possible early resolution of the matter, and the Proposed Discovery Plan and Scheduling Order, contained herein.

(2) **Initial Disclosures.** Pursuant to Fed. R. Civ. O. 26(a)(1)(C), by agreement of the parties, the parties stipulate that they will serve their initial disclosures by Wednesday, **October 11, 2023**.

(3) **Discovery and Areas of Discovery.** The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope discovery need not be admissible in evidence to be discoverable. The parties anticipate the production of confidential

documents and information in this litigation, and to facilitate that production, they will submit in a separate filing a proposed *Stipulation and Protective Order Regarding Confidentiality for Confidential Documents Produced by Parties in Litigation ("Protective Order")* to cover the confidential materials specified therein.

## II. DISCOVERY PLAN

(1) **Discovery Cut-Off Date.** The cut-off date for discovery shall be **February 5, 2024**, 180 days after Defendant made their first formal appearance in this case, which first appearance was made by way of *Defendant's Partial Motion to Dismiss First Amended Complaint*, filed on August 9, 2023.

(2) **Amending the Pleadings and Adding Parties.** All motions to amend the pleadings or to add parties shall be filed no later than **November 7, 2023**, 90 days before the close of discovery.

(3) **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).** The parties herein propose that the disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and Local Rule 26-1(b)(3). In this regard, the parties propose that the disclosure of primary or direct experts and their reports shall occur by **December 7 2023**, 60 days before the proposed discovery cut-off date. The disclosure of rebuttal experts and their reports shall be made by **January 8, 2024**, 30 days after the initial disclosure of experts.[1]

(4) **Dispositive Motions.** The deadline for filing dispositive motions is **March 6, 2024**, 30 days after the discovery cut-off date.

---

[1] Thirty days after the initial expert disclosure deadline of December 7, 2023 falls on Saturday, January 6, 2024, and this deadline is automatically extended to Monday, January 8, 2024, by operation of Fed. R. Civ. P. 6.

(5) **Pretrial Order.** In the event a dispositive motion is filed, the Joint Pretrial Order will be due 30 days from a decision on the dispositive motion. In the event a dispositive motion is not filed, the deadline for the Joint Pretrial Order is **April 5, 2024**, 30 days after the dispositive-motion deadline.

(6) **Fed. R. Civ. P. 26(a)(3) Disclosures.** The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them shall be included in the joint pretrial order.

(7) **Extensions or Modifications of the Discovery Plan and Scheduling Order.** Local Rule 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made no later than twenty-one (21) day before the deadline sought to be extended. While the parties have initially proposed to conduct discovery within the standard 180 days, the parties recognize that extensions may be needed due to the complexity of this case.

(8) **Issues Regarding Discovery of Electronically Stores Information and Form of Production.** Pursuant Rule 26(f)(3)(C), the parties may seek documents in native, electronic form, unaltered from the original format, depending on the nature of the document sought in discovery. The parties anticipate that they will produce discovery in ".pdf" format, unless a party contends that the native format is required or preferred, *e.g.*, for accompanying metadata evidence, in which case, the requesting party may request the information or document be produced in the native format. In the event of a dispute, the parties will meet and confer on the matter, and if a dispute cannot be resolved, either or both parties will request a pretrial conference with the Court.

(9) **Alternative Dispute Resolution.** The parties certify that they met and conferred about

the possibility of using alternative dispute-resolution processes on September 11, 2023;

(10) **Alternative Forms of Case Disposition.** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) on September 11, 2023.

(11) **Presentation of Evidence in Electronic Format.** The parties herein certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties stipulate that they may provide evidence in an electronic format, compatible with the court's electronic jury evidence display system, including for use by the jury in deliberations.

\*\*

Dated: September 20, 2023

Eisenberg & Baum, LLP
Andrew Rozynski, Esq. (Admitted Pro Hac Vice)
24 Union Square East, Penthouse
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
Arozynski@EandBlaw.com
*Attorneys for Plaintiffs*

/s/_____
Kathryn C. Newman
Amber L. Roller (Admitted Pro Hac Vice)
Nevada Bar No. 13733
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone:  702.369.6800
Fax:  702.369.6888
*Attorney for Defendant Summerlin Hospital Medical Center, LLC*

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

DATED  9-21-2023

5