Kathryn C. Newman
Nevada Bar No. 13733
kathryn.newman@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135
Telephone:  702.369.6800
Fax:  702.369.6888

Amber L. Roller
amber.roller@ogletree.com *(Pro Hac Vice)*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213.239.9800
Fax:  213.239.9045

*Attorneys for Defendant Summerlin Hospital Medical Center, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| XINNING HOU, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SUMMERLIN HOSPITAL MEDICAL CENTER LLC, DOES 1-X, Inclusive, and ROE Corporations 1-X, Inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-00715-JCM-DJA<br><br>**STIPULATED EXTENSION OF DISCOVERY DEADLINES**<br><br>(***First Request***) |

Plaintiff Xinning Hou ("Plaintiff" or "Hou") and Defendant Summerlin Hospital Medical Center LLC ("Defendant" or "Summerlin Hospital") (collectively, "the Parties"), pursuant to the Court's February 6, 2024 Minute Order (ECF No. 37), hereby stipulate and request that the Court extend the discovery deadlines in this case. If granted, this will be the first extension of the Joint Discovery Plan and Scheduling Order in this matter (ECF No. 28). This request is made in good faith and is not for the purpose of delay.

///

///

## I.  RELEVANT BACKGROUND

On May 5, 2023, Plaintiff filed her Complaint alleging three causes of action against Defendant (ECF No. 1). On July 23, 2023, Plaintiff filed an Amended Complaint alleging only one cause of action for Violations of Section 1557 of the Patient Protection and Affordable Care Act (ECF No. 18). On August 9, 2023, Defendant filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint seeking dismissal of Plaintiff's claims for emotional distress and expectation damages ("Motion to Dismiss") (ECF No. 22). On September 22, 2023, the Court entered an Order adopting the Parties' proposed Joint Discovery Plan and Scheduling Order (ECF No. 28), setting the following deadlines:

- Amending the Pleadings and Adding Parties -- November 7, 2023;
- Expert Disclosures -- December 7, 2023;
- Rebuttal Expert Disclosures -- January 8, 2024;
- Discovery Cut-Off Date -- February 5, 2024.

On December 1, 2023, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's claims for emotional distress and expectation damages with prejudice (ECF No. 29).

Plaintiff filed her Motion for Reconsideration, or, in the Alternative, Motion for Order Permitting Interlocutory Appeal Pursuant to 28 U.S.C. §1292(B) on December 11, 2023 ("Motion for Reconsideration") (ECF No. 30).

On January 25, 2024, the Parties filed a Stipulation and Order to Extend Discovery seeking a 130-day extension of the discovery and related deadlines (ECF No. 34). On January 26, 2024, the Court issued a Minute Order denying the Parties' stipulation for failure to cite to excusable neglect, as required by Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule IA 6-1(a) (ECF No. 35). The Court further suggested the Parties discuss whether, rather than an extension of the discovery deadlines, they would rather request a stay of discovery pending the resolution of the pending dispositive motion. (*Id.*)

On February 5, 2024, the Parties filed an Amended Stipulation to Stay Discovery Or, In The Alternative, Extend Discovery (ECF No. 36). On February 6, 2024, the Court issued a Minute Order (ECF No. 37), partially granting and partially denying the Amended Stipulation. Specifically, the

2

Court granted the Parties' request to stay discovery pending the resolution of Plaintiff's Motion for Reconsideration (ECF No. 30), but denied the Parties' request to extend the discovery deadlines, ordering the Parties to file a joint status report or stipulated extension of discovery deadlines within 14 days of the Court's ruling on Plaintiff's Motion for Reconsideration (ECF No. 37).

On June 5, 2024, the Court entered an Order denying Plaintiff's Motion for Reconsideration (ECF No. 41). Accordingly, pursuant to the Court's February 6, 2024 Minute Order (ECF No. 37), the Parties are filing this Stipulated Extension of Discovery Deadlines.

**III.    INFORMATION REQUIRED BY LOCAL RULE 26-3.**

Pursuant to LR 26-3, the Parties provide the following additional information to the Court in connection with their request for an extension of the discovery deadlines:

**A.    Statement Of Discovery That Has Been Completed.**

The Parties have not engaged in any formal discovery. The Parties will participate in an Early Neutral Evaluation ("ENE") on September 11, 2024 to explore the possibility of an early resolution of this matter. The Parties have exchanged several drafts of a Stipulated Protective Order in anticipation of producing medical records and other privileged and confidential records in advance of the ENE.

**B.    Description Of The Discovery That Remains To Be Completed.**

The Parties have not yet commenced discovery in this matter. Thus, remaining discovery in this matter includes initial disclosures and written discovery. While subject to change, Defendant intends to depose Plaintiff and individuals identified by Plaintiff as witnesses to her alleged damages. Plaintiff intends to depose a 30(b)(6) witness from the hospital as well as nurses and doctors who interacted with Plaintiff.  Depositions will be set in due course and are anticipated to be scheduled between August and September 2024. The Parties will meet and confer on dates. The Parties do not view the above intentions or plans to limit the individuals that the Parties may seek to depose, but rather are what the Parties currently anticipate.

///

///

///

**C.     Reason the Remaining Discovery Cannot Be Completed Within the Time Limits Set By The Discovery Plan.**

As set forth above, the scope of discovery was dependent upon the Court's orders on Defendant's Motion to Dismiss and Plaintiff's Motion for Reconsideration. Therefore, the Parties jointly request that the Court amend the Discovery Plan and Scheduling Order (ECF No. 28) and extend all case deadlines as proposed below.

**D.     Proposed Schedule for Completing All Remaining Discovery.**

**1.     *Discovery Cut-Off Date.*** The discovery cut-off deadline shall be **December 20, 2024**.

**2.     *Amending the Pleadings and Adding Parties*.** All motions to amend the pleadings or add parties shall be filed no later than **September 20, 2024**, 91 days before the close of discovery.[1]

**3.     *Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).*** The Parties propose that the disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and Local Rule 26-1(b)(3). In this regard, the Parties propose that the disclosure of primary or direct experts and their reports shall occur by **October 21, 2024**, 60 days before the proposed discovery cut-off date.  The disclosure of rebuttal experts and their reports shall be made by **November 20, 2024**, 30 days after the initial disclosure of experts.

**4.     *Dispositive Motions*.** The deadline for filing dispositive motions is **January 19, 2025**, 30 days after the discovery-cutoff date.

**5.     *Pretrial Order*.** In the event a dispositive motion is filed, the Joint Pretrial Order will be due 30 days from a decision on the dispositive motion. In the event a dispositive motion is not filed, the deadline for the Joint Pretrial Order is **February 18, 2025**, 30 days after the dispositive motion-deadline.

---

[1] Ninety days before the close of discovery of December 20, 2024 falls on Saturday, September 21, 2024. Thus, this deadline extends to the next court day, Friday, September 20, 2024, by operation of Fed. R. Civ. P. 6(a)(1)(C).

6. ***Fed. R. Civ. P. 26(a)(3) Disclosures***. The disclosure required by Fed. R. Civ. P. 26(a)(3) and any objections to them shall be included in the joint pretrial order in accordance with LR 26-1(b)(6).

7. ***Extensions or Modifications of the Discovery Plan and Scheduling Order***. In accordance with LR ~~26-4~~ 26-3, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than 21 days prior to the expiration of the subject deadline.  A request made within 21 days before the expiration of the subject deadline will be supported by a showing of good cause.  Any stipulation or motion will fully comply with LR 26-3.

IT IS SO STIPULATED.

DATED this 20th day of June, 2024.

RYAN ALEXANDER, CHTD
EISENBERG & BAUM, LLP

/s/ Ryan Alexander

Ryan Alexander, Esq.
Nevada Bar No. 10845
3017 West Charleston Blvd., Ste. 10
Las Vegas, NV 89102

Andrew Rozynski, Esq. *(Pro Hac Vice)*
24 Union Square East, PH
New York, NY 10003

*Attorneys for Plaintiff Xinning Hou*

DATED this 20th day of June, 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Kathryn C. Newman.

Kathryn C. Newman
Nevada Bar No. 13733
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135

Amber L. Roller *(Pro Hac Vice)*
400 South Hope Street, Suite 1200
Los Angeles, CA 90071

*Attorneys for Defendant Summerlin Hospital Medical Center, LLC*

IT IS SO ORDERED.

**ORDER**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 6/21/2024

5